UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SALLY CENDEJAS SANCHEZ, ) | No. CV 05-00916-JTL | |
| ) | | |
| Plaintiff, ) | | |
| ) | MEMORANDUM OPINION AND ORDER | |
| v. ) | | |
| ) | | |
| JO ANNE B. BARNHART, ) | | |
| Commissioner of Social ) | | |
| Security, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

**PROCEEDINGS**

On February 8, 2005, Sally Cendejas Sanchez ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for Disability Insurance Benefits and Supplemental Security Income benefits. On March 14, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on August 15, 2005, defendant filed an Answer to Complaint. On November 7, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

**BACKGROUND**

On January 27, 2003, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ["AR"] at 126-28). Plaintiff alleged that beginning on November 12, 2001, she was unable to work because she suffered from depression, chronic bronchitis, a pinched nerve in her lower back, and fatigue. (AR at 153). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 86-91, 95-98).

On July 7, 2003, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 99). At the hearing scheduled on March 9, 2004 in Los Angeles, California, the ALJ continued the matter to allow plaintiff's counsel to obtain additional medical evidence. (AR at 15, 32-36). On June 17, 2004, the ALJ conducted a hearing in Pasadena, California. (AR at 57-85). Plaintiff appeared at the hearing with her counsel and testified. (AR at 311-26). Thomas Maxwell, M.D. and Glenn Griffin, M.D., medical experts, and Gail Maron, a vocational expert, also testified. (AR at 30-44, 44-52).

On July 29, 2004, the ALJ issued his decision denying benefits. (AR at 15-27). In his decision, the ALJ concluded that plaintiff suffered from osteoarthritis, degenerative changes of the lumbosacral discs/spine, obesity, a history of bronchitis, and a history of polysubstance dependence with current alcohol dependence, which constituted severe impairments. (AR at 26). According to the ALJ, however, none of these impairments met or equaled any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ further concluded

2

1  that plaintiff retained the residual functional capacity to perform
2  work at a medium level of exertion.  (AR at 27).  Specifically, the
3  ALJ opined that plaintiff could push, pull, lift, and/or carry 50
4  pounds occasionally and 25 pounds frequently; stand and/or walk for
5  six hours; sit for six hours in an eight-hour workday; climb ladders,
6  rope, and scaffolds occasionally; and climb ramps and stairs, balance,
7  stoop, kneel, crouch, and crawl frequently.  (Id.).  Ultimately, the
8  ALJ found that plaintiff was not disabled pursuant to the Social
9  Security Act.  (Id.).
10     On September 1, 2004, plaintiff filed a timely request with the
11 Appeals Council for review of the ALJ's decision.  (AR at 10).  On
12 January 7, 2005, the Appeals Council affirmed the ALJ's decision.  (AR
13 at 6-8).

**PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ failed to properly consider her testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).
///

1    Substantial evidence is "such relevant evidence as a reasonable
2 mind might accept as adequate to support a conclusion." <u>Richardson</u>,
3 402 U.S. at 401.  This Court must review the record as a whole and
4 consider adverse as well as supporting evidence.  <u>Green v. Heckler</u>,
5 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible
6 of more than one rational interpretation, the ALJ's decision must be
7 upheld.  <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.   The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920 (1991); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).  At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity.  <u>Bowen</u>, 482 U.S. at 140.  At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities.  <u>Id.</u> at 140-41.  Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity.  <u>Id.</u> at 141.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  <u>Id.</u>  If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past.  <u>Id.</u>  If the claimant cannot perform his past work, the fifth and final step determines

whether he is able to perform other work in the national economy in light of his age, education and work experience. Bowen, 482 U.S. at at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. Id.

**B.   Rejection of Plaintiff's Credibility**

Plaintiff contends that the ALJ improperly assessed plaintiff's subjective symptom testimony. First, plaintiff claims that the ALJ's rejection of plaintiff's credibility on the basis of a lack of objective medical evidence was legally insufficient. Second, plaintiff contends that the ALJ's failure to address plaintiff's work history when assessing her credibility constitutes error. Therefore, plaintiff argues that the matter should be remanded for the ALJ to make proper credibility findings.

At the hearing, plaintiff testified regarding her pain and functional limitations. First, plaintiff testified that she spends most of her day lying down and not doing much. (AR at 66). Plaintiff further complained that she was unable to concentrate, sit or stand very long, bend her knees very long, or be around people. (AR at 67). Plaintiff testified that she would not be able to return to work and that work situations give her panic attacks. (AR at 67, 75).

An ALJ need not believe every allegation of disabling pain. See Ortega v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). Where an ALJ finds a claimant's claims of disabling pain not entirely credible, and there is no evidence of malingering, the ALJ must set forth legally permissible, specific, clear and convincing reasons for doing so. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) ("If there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting

that the claimant was malingering, the Secretary's reason for rejecting the claimant's testimony must be 'clear and convincing,' and supported by specific findings") (citations omitted). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Morgan v. Commissioner of the Social Security Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Furthermore, "[i]t's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." Dodrill, 12 F.3d at 918 (citing Varney v. Secretary of Health and Human Services, 846 F.2d 581, 584 (9th Cir. 1988), rev'd on other grounds upon reh'g, 859 F.2d 1396 (9th Cir. 1988)). An ALJ's reasons for discrediting a claimant's testimony must be sufficiently specific for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell v. Sullivan, 947 F.2d 341, 345-56 (9th Cir. 1991).

### 1. Lack of Objective Evidence

An ALJ cannot rely on an absence of disability findings to reject a claimant's credibility. A claimant need not produce evidence of pain other than her own subjective testimony. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) ("The claimant need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof."). Nor must a claimant present objective medical evidence of a causal relationship between the impairment and the type of symptom. See id.; see also Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) ("[O]nce an impairment is medically established, the ALJ cannot require medical support to prove the severity of the pain."). Rather, the claimant need only "produce objective medical evidence of an underlying impairment which could reasonably be

expected to produce the pain or other symptoms alleged." Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotations omitted). This approach reflects the Ninth Circuit's recognition of the "highly subjective and idiosyncratic nature of pain and other such symptoms," Smolen, 80 F.3d at 1282, such that "[t]he amount of pain caused by a given physical impairment can vary greatly from individual to individual." Id. (internal quotations omitted).

Thus, "[a]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p. Instead, a claimant must demonstrate only two things: "(1) [he] must produce objective medical evidence of an impairment or impairments; and (2) [he] must show that the impairment or combination of impairments could reasonably be expected to (not that it did in fact) produce some degree of symptom." Smolen, 80 F.3d at 1282; see also SSR 96-3p.

Here, the ALJ erred in citing a purported lack of objective evidence to substantiate plaintiff's allegations of disability. Even taking the ALJ's statement as true, it does not undermine plaintiff's testimony because plaintiff produced "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Bunnell, 947 F.2d at 344. On January 28, 2003, William Hung, M.D., diagnosed plaintiff with degenerative disc disease, L5-S1 associated with mild central spinal canal stenosis. (AR at 195-97). On April 7, 2003, Kristof Siciarz, M.D., performed an Internal Medicine Consultation on plaintiff and found a limited range of motion of her back. (AR at 218-22). On

1  December 30, 2002, Patrick M. Colletti, M.D., reviewed plaintiff's MRI
2  and found mild stenosis at the L4-L5 level. (AR at 208). Another
3  MRI, performed on December 17, 2003, revealed "[m]ild multilevel
4  degenerative changes, greatest at L4-5 associated with mild to
5  moderate desiccation, posterior annular tear and mild to moderate
6  canal narrowing secondary to diffuse disc bulge." (AR at 267). On
7  January 28, 2003 and February 7, 2003, Stephen Eng, M.D., performed
8  operations on plaintiff involving lumbar epidural steroid injections
9  at L4-5, lumbar facet blocks from L3 to L5, and myofascial trigger
10 point injections. (AR at 191-93, 199-200). In light of the foregoing,
11 the ALJ improperly found that plaintiff's credibility was "diminished
12 by the lack of objective medical evidence to substantiate disability."
13 (AR 24). The impairments suffered by plaintiff could reasonably be
14 expected to produce the type of symptoms from which plaintiff claimed
15 she suffers.

### 2. Failure to Address Plaintiff's Work History

17      Plaintiff argues that the ALJ must consider plaintiff's work
18 history when assessing her credibility. In support of this
19 proposition, plaintiff cites to 20 C.F.R. §§ 404.1529(c)(3) and
20 416.929(c)(3) and Social Security Ruling 96-7p. Both 20 C.F.R. §§
21 404.1529(c)(3) and 416.929(c)(3) state in relevant part, "We will
22 consider all of the evidence presented, including information about
23 your prior work record, your statements about your symptoms, evidence
24 submitted by your treating, examining or consulting physician or
25 psychologist, and observations by our employees and other persons."
26 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). Social Security Ruling
27 96-7p discusses the factors that one should consider in assessing the
28 credibility of an individual's statements regarding her symptoms:

|   |   |
|---|---|
| 1 | Assessment of the credibility of an individual's |
| 2 | statements about pain or other symptoms and about the |
| 3 | effect the symptoms have on his or her ability to |
| 4 | function must be based on a consideration of all of the |
| 5 | evidence in the case record.  This includes, but is not |
| 6 | limited to: |
| 7 | • The medical signs and laboratory findings; |
| 8 | • Diagnosis, prognosis, and other medical opinions |
| 9 | provided by treating or examining physicians or |
| 10 | psychologists and other medical sources; and |
| 11 | • Statements and reports from the individual and |
| 12 | from treating or examining physicians or |
| 13 | psychologists and other persons about the |
| 14 | individual's medical history, treatment and |
| 15 | response, prior work record and efforts to work, |
| 16 | daily activities, and other information concerning |
| 17 | the individual's symptoms and how the symptoms |
| 18 | affect the individual's ability to work. |
| 19 | Social Security Ruling 96-7p. |
| 20 | Plaintiff essentially argues that the aforementioned statutes and |
| 21 | Social Security Ruling require the ALJ to address plaintiff's prior |
| 22 | work history irrespective of any other reasons that the ALJ may offer |
| 23 | in rejecting plaintiff's credibility.  In his decision, although the |
| 24 | ALJ did not discuss the fact that plaintiff had worked for |
| 25 | approximately seventeen years until 2001 (AR at 61-62), the ALJ did |
| 26 | note that plaintiff's "past work experience includes employment as a |
| 27 | secretary/clerk and as a sales secretary."  (AR at 16).  While it is |
| 28 | clear that a claimant's work history is one of several factors that |

9

may be considered,[1] the fact that the ALJ does not specifically address plaintiff's work history when evaluating her credibility does not constitute reversible error. See Cunha v. Barnhart, 2003 WL 21033408, *7 (N.D. Cal. 2003)(rejecting a claimant's argument that the ALJ erred in failing to discuss "all possible factors that could be relevant to a credibility determination, such as her 'excellent work history' prior to the onset of her impairments"). Here, in light of the other reasons that the ALJ cited in rejecting plaintiff's credibility, the ALJ's failure to address this one factor was not fatal.

**3.   ALJ's Other Reasons For Rejecting Plaintiff's Credibility**

Notwithstanding the ALJ's error in finding there was a lack of objective evidence to support plaintiff's credibility, the ALJ provided clear and convincing reasons, such as plaintiff's sparse treatment history and exaggeration of symptoms, to support his decision to reject plaintiff's credibility.

First, the ALJ noted that plaintiff's treatment history was not commensurate with her allegations of disability. The ALJ stated, "The record contains episodic visits to physicians regarding her physical health and no treatment from a psychiatrist whatsoever regarding her mental health." (AR at 24). The ALJ also noted that plaintiff could not remember when she was last treated and there was very little in the way of progress or treatment notes that substantiated her complaints. (AR at 24-25). In rejecting a claimant's credibility, an

---

[1] Plaintiff cites to Schaal v. Apfel, 134 F.3d 496, 502 (9th Cir. 1998), in support of her argument that work history is probative of credibility. While the Schaal court discussed the probative effects of a negative work history, it did not specifically discuss to what extent must the ALJ address a claimant's work history when evaluating credibility, the issue at hand.

ALJ may rely on a claimant's unexplained failure to seek treatment. Smolen, 80 F.3d at 1284 (ALJ may rely on claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment"); Bunnell, 947 F.2d at 346 (identifying claimant's failure to seek medical treatment as proper reason to discredit claimant's testimony); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (listing proper reasons to discredit claimant's testimony and stating, "Another such form of evidence is an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment."). Thus, plaintiff's failure to seek medical treatment constitutes a valid reason to reject her credibility.

Secondly, the ALJ found that plaintiff's credibility was diminished by her apparent exaggeration of her symptoms. The ALJ noted that plaintiff's allegations of "extreme symptoms and limitations" were not substantiated by medical evidence, her treatment history, her presentation to a claims representative, and at the hearing. (AR at 25). For example, the ALJ noted that plaintiff repeatedly alleged chronic bronchitis, but admitted to Dr. Siciarz that she only experienced it once or twice a year and continues to smoke. (Id.). Internal conflicts in a claimant's statements or testimony support a finding that a claimant lacks credibility. See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997) (in weighing claimant's credibility, ALJ may consider "inconsistencies either in [plaintiff's] testimony or between his testimony and his conduct"); see also Fair, 885 F.2d at 604 n.5 (9th Cir. 1989) (ALJ can reject pain testimony based on contradictions in plaintiff's testimony).

1 In sum, the ALJ in this case cited to specific, clear, and
2 convincing reasons in support of his decision to reject plaintiff's
3 credibility.  Indeed, plaintiff does not take issue with the ALJ's
4 decision to reject plaintiff's credibility based on findings that
5 plaintiff had minimal treatment history and made inconsistent
6 statements.  Because these reasons are permissible grounds upon which
7 to reject plaintiff's credibility, the Court finds that the ALJ's
8 error in citing to a lack of objective medical evidence constitutes
9 harmless error.  See Brawner v. Secretary of Health and Human
10 Services, 839 F.2d 432, 434 (9th Cir. 1988) (applying harmless error
11 standard of review to ALJ's decision and refusing to remand where
12 error was harmless); Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.
13 1991) (harmless error rules applies to review of administrative
14 decisions relating to disability); Booz v. Secretary of Health and
15 Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984) (adopting rule
16 that evidence is sufficiently material to require a remand "only where
17 there is a reasonable possibility that the new evidence would have
18 changed the outcome of the Secretary's determination had it been
19 before him.").

**ORDER**

22 After careful consideration of all documents filed in this
23 matter, this Court finds that the decision of the Commissioner is
24 supported by substantial evidence and the Commissioner applied the
25 ///
26 ///

1 proper legal standards.  The Court, therefore, AFFIRMS the decision of
2 the Commissioner of Social Security Administration.
3     **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 9, 2006

                                      /s/
                           JENNIFER T. LUM
                           UNITED STATES MAGISTRATE JUDGE